**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
**Keisha Jones,**                                :
                                                 :
    **Plaintiff,**                             :         06 Civ. 835 (HB)
                                                 :
    -against-                                :         **OPINION & ORDER**
                                                 :
**Commerce Bank, N.A., John Does 1-50,**         :
**and XYZ Corporation,**                         :
                                                 :
    **Defendants.**                           :
------------------------------------------------------X

**Hon. Harold Baer, Jr., District Judge:**

      Plaintiff *pro se* Keisha Jones ("Jones") brought this action for negligence, breach of fiduciary duty, intentional and negligent infliction of emotional distress, commercial bad faith, consumer fraud and breach of contract against defendant Commerce Bank, N.A. ("Commerce").[1] On May 23, 2006, I granted in part Commerce's motion to dismiss. See Jones v. Commerce Bancorp, Inc., No. 06 Civ. 835, 2006 WL 1409492 (S.D.N.Y. May 23, 2006) ("Commerce I") (dismissing plaintiff's claims for negligent and intentional infliction of emotional distress, commercial bad faith and consumer fraud). Commerce now moves for summary judgment on plaintiff's remaining claims for negligence, breach of fiduciary duty, and breach of contract. In addition, Jones moves to amend her complaint to add claims against Commerce for "invasion of privacy," deceptive trade practices in violation of N.Y. General Business Law Section 349, fraud, and defamation. Plaintiff also seeks to add several additional defendants. For the reasons set forth below, Commerce's motion for summary judgment is GRANTED, and plaintiff's motion to amend is GRANTED in part and DENIED in part.[2]

---

[1] Plaintiff originally named Commerce Bancorp, Inc. as defendant. However, in my Opinion & Order granting in part Commerce's motion to dismiss, I substituted Commerce Bank, N.A. as the proper defendant. See Jones v. Commerce Bancorp, Inc., No. 06 Civ. 835, 2006 WL 1409492, *5 (S.D.N.Y. May 23, 2006).

[2] Plaintiff failed to appear for oral argument on these motions on September 13, 2006.

**FACTUAL BACKGROUND**

The facts set forth below are taken from the affidavits and deposition testimony submitted by the parties in connection with this motion.  Jones owned a business checking account at Commerce in the name of ILV Enterprises, Ltd. ("ILV").  Through ILV, Jones "consult[ed] with individuals to build businesses" and taught "individuals how to manage their personal finances like profitable small businesses."  (Pltf.'s Affidavit in Opposition to Commerce's Motion for Summary Judgment, dated August 11, 2006 ("Jones Aff.") ¶ 6(h).[3]  On May 22, 2005, Jones discovered that funds had been fraudulently withdrawn from her ILV account.  In all, four unauthorized withdrawals totaling $1,860 were made from the account on May 19th, 20th and 21st.[4]  After plaintiff complained to Commerce, the money was credited back to her account on June 9, 2006.  (Affidavit of Henry V. Byrd, dated August 1, 2006 ("Byrd Aff."), Ex. L).  Plaintiff asserts that she instructed Commerce to close her account on July 13, 2005.  However, the account was not closed until August 10, 2005.

An unidentified female (captured on Commerce's security cameras) withdrew the funds from plaintiff's ILV account using fake identification.  Another unidentified female (perhaps the same person) opened a separate fraudulent account at a Commerce branch in Philadelphia in plaintiff's name, and attempted to deposit and cash fraudulent checks through that account.  Commerce discovered this fraud and froze the fraudulent account on May 25, 2006.  (Byrd Aff., ¶ 12, Ex. M).  Unfortunately, plaintiff's woes stemming from the theft of her identity did not stop there.  Plaintiff asserts, *inter alia*, that a fraudulent utility account was opened in her name, a fraudulent tax return was filed and a "rapid refund" processed, her social security record was falsified, and her credit rating was ruined.  Plaintiff asserts that she suffers from a psychiatric condition known as "Adjustment Disorder" that has been aggravated by these events, and that as a result she was forced to close her business.

---

[3] Jones claims, *inter alia*, that she has produced "customized finance education criteria" and "facilitate[d] executive trainings. . ." on behalf of her clients.  (Jones Aff. ¶¶ 6(h), (i)).

[4] In its affidavit submitted in support of the motion for summary judgment, Commerce asserts that the withdrawals were made on May 20th and 24th.  However, Commerce's investigator's notes indicate that the withdrawals occurred on the 19th, 20th and 21st.  This comports with plaintiff's assertions.  (See Jones. Aff., ¶ 15(d)).

## DISCUSSION

**A. Summary Judgment**

A court will not grant a motion for summary judgment unless it determines that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986).  In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities, and draw all inferences, against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam ); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir.1987).  However, a disputed issue of material fact alone is insufficient to deny a motion for summary judgment, the disputed issue must be "material to the outcome of the litigation," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir.1986), and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff asserts claims for negligence, breach of contract and breach of fiduciary duty against Commerce, all stemming from Commerce's failure to safeguard her personal identifying information and failure to prevent the unauthorized withdrawals from her ILV account.  "'To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was the proximate cause of injury to the plaintiff.'"  Commerce I, 2006 WL 1409492, *2 (quoting Alvino v. Lin, 300 A.D.2d 421 (N.Y. App. Div. 2nd Dep't 2002)).  In addition, in some circumstances, the failure to safeguard a client's personal identifying information may give rise to a claim for breach of fiduciary duty.  See Daly v. Metropolitan Life Ins. Co., 782 N.Y.S.2d 530, 535 (Sup. Ct. N.Y. Cty. 2004).

However, here plaintiff has adduced no evidence linking Commerce to the theft of her personal information.  Plaintiff alleges that the unauthorized withdrawals from her Commerce account may be connected to an incident in New Jersey in which several Commerce employees were implicated in the theft of customers' personal information.  However, plaintiff has turned up no evidence through discovery linking her case to that

3

purported fraud. Indeed, Commerce attests that plaintiff was not one of the customers whose data was compromised in the New Jersey incident. (See Affidavit of Christopher J. Tucci, dated April 19, 2005 ("Tucci Aff.") ¶¶ 2-5).

At most, plaintiff has raised questions of fact as to whether Commerce was negligent in failing to prevent the four withdrawals from her ILV account. However, Commerce replaced these funds within weeks. Plaintiff has submitted no evidence that she suffered any compensable injury stemming from the loss of access to these funds between May 22, 2005 and June 9, 2005.

Plaintiff asserts that she suffered severe emotional distress as a result of the theft of her identity, that her credit rating was adversely affected, and that she ultimately became unable to run her business.[5] However, Commerce's connection to these injuries is wholly speculative. Commerce was merely responsible for failing to prevent four unauthorized withdrawals from plaintiff's account. It was the theft of plaintiff's identity by unidentified individuals, in an unknown manner, that caused plaintiff's injuries, not four unauthorized withdrawals that were soon rectified.

Plaintiff devotes much of her affidavit in opposition to Commerce's motion to discussing the severe emotional harm she has suffered as a result of this ordeal and the debilitating affect such stress has had on her business and finances. However, as I stated in dismissing plaintiff's claims for negligent and intentional infliction of emotional distress, recovery for emotional harm "'generally must be premised upon the breach of a duty . . . which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety.'" Commerce I, 2006 WL 1409492, *4 (quoting Sheila C. v. Povich, 11 A.D.3d 120, 130 (N.Y. App. Div. 1st Dep't 2004)). Such claims "'must be supported by allegations of conduct . . . so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (quoting Sheila C., 11

---

[5] Plaintiff also asserts that a business insurance policy she carried was cancelled in July 2005 when the "payments [to the insurer] were returned unpaid by" Commerce. (Jones Aff. ¶ 9). However, in her deposition Jones testified that she decided to cancel the insurance policy because "I wasn't going to make payments on an insurance policy for a company that wasn't doing business." (Affidavit of Cynthia B. Lovinger, dated August 1, 2006 ("Lovinger Aff."), Ex. C at 60). In any case, Jones has produced no evidence of any damage she suffered as a result of the cancellation of this insurance policy.

4

A.D.3d at 130-31).  Negligently failing to prevent third parties from negotiating four fraudulent withdrawals does not constitute atrocious and utterly intolerable behavior.

Thus, because plaintiff has produced no evidence that Commerce proximately caused any compensable injury to her, Commerce's motion for summary judgment is granted.

### B.  Motion to Amend

Plaintiff seeks to amend her complaint to add claims for invasion of privacy, deceptive trade practices in violation of N.Y. General Business Law Section 349, fraud, and defamation against Commerce.  Plaintiff also seeks to add Career Blazers New York, Inc. ("Career Blazers"), H&R Block, Inc. ("H&R Block"), Arlene S. Bey ("Bey"), Joyce Leslie, Inc. ("Joyce Leslie"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and Equifax, Inc. ("Equifax") as additional defendants.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) [the amendment] would be futile."  Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996).  In addition, Rule 20(a) provides that multiple defendants may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).

#### 1.  Commerce

I already determined that plaintiff 's original complaint failed to state a claim against Commerce for deceptive business practices or fraud.  See Commerce I, 2006 WL 1409492, *5 (dismissing plaintiff's claim for "consumer fraud" and finding that plaintiff had failed to allege fraud or a deceptive practice).  Nothing in plaintiff's proposed amended complaint remedies those defects.

In addition, New York recognizes a cause of action for invasion of privacy only when one's name, likeness or voice has been used for advertising purposes or in commerce without permission.  See Matthews v. Malkus, 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005).  Plaintiff has not alleged that Commerce misused her likeness, or that her name was used by Commerce for advertising or to promote trade.

Finally, a claim for defamation requires:  "(1) a false statement, (2) publication without privilege or authorization to a third party, (3) by at least a negligence standard of fault and (4) the statement either causes special damages or constitutes defamation per se."  Matthews, 377 F. Supp. 2d at 357.  Plaintiff has not alleged that Commerce disseminated any false information about her to any third parties.

Thus, since plaintiff's additional causes of action against Commerce would be futile, plaintiff's motion to amend her complaint against Commerce is denied.

### 2.  Additional Defendants

Plaintiff alleges that she sought work at Career Blazers, a temporary employment agency.  Plaintiff alleges that, in the course of her dealings with that agency, she discovered that Career Blazers regularly posted its clients' social security numbers in a public place in the Career Blazers office.  Plaintiff asserts that, despite her complaints to Career Blazers' management, this practice was not changed.  Ultimately, plaintiff alleges that she was forced to discontinue her relationship with Career Blazers as a result.  Plaintiff seeks leave to assert claims against Career Blazers for negligence, invasion of privacy, breach of contract, and breach of fiduciary duty.

Plaintiff alleges that an unidentified individual secured employment at Joyce Leslie using plaintiff's personal identifying information, and that this individual and/or Joyce Leslie reported fraudulent wages to the IRS and Social Security Administration in plaintiff's name.  Plaintiff seeks leave to assert claims against Joyce Leslie for negligence and invasion of privacy.

Plaintiff alleges that H&R Block, through its employee Arlene Bey, processed a fraudulent tax return and "rapid refund" in plaintiff's name, and failed to adequately assist plaintiff in investigating and rectifying this fraud.  Plaintiff alleges clams against H&R Block for negligence and invasion of privacy.

Plaintiff asserts that Trans Union, Experian and Equifax, credit reporting agencies, have "furnished inaccurate and/or incomplete credit reports to [both] authorized and unauthorized third parties. . ." (Proposed Amended Complaint, ¶ 44). Plaintiff seeks leave to bring claims against these defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

In light of plaintiff's *pro se* status, the liberal standard governing motions to amend, and Rule 20's expansive joinder provisions, I will allow plaintiff to amend her complaint to add these additional parties. However, I must caution plaintiff that, in pursuing claims against these additional defendants, she will face many of the same hurdles that proved fatal to her claims against Commerce. For example, plaintiff will have to show that each defendant proximately caused compensable injury to her. As set forth above, emotional harm alone will not suffice. Plaintiff will have to show that she actually suffered financial or economic injury as a foreseeable result of each defendant's actions.

## CONCLUSION

For the reasons set forth above, Commerce's motion for summary judgment is GRANTED. Plaintiff's motion to amend is DENIED with respect to her claims against Commerce, but GRANTED with respect to her claims against the additional proposed defendants. If plaintiff chooses to file an amended complaint, she shall do so on or before October 1, 2006 and shall send a courtesy copy of that complaint directly to my chambers.

**SO ORDERED.**
September 15, 2006
New York, New York

_____
U.S.D.J.

---

[6] In addition, if plaintiff is unable to plead a viable federal claim, the inclusion of any non-diverse defendant may divest this court of subject matter jurisdiction.

7