**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
**Keisha Jones,**                                :
                                                 :
      **Plaintiff,**                      :         **06 Civ. 835 (HB)**
                                                 :
      -against-                            :         **OPINION & ORDER**
                                                 :
**Commerce Bank, N.A., John Does 1-50,**  :
**and XYZ Corporation,**                         :
                                                 :
      **Defendants.**                     :
------------------------------------------------------X
**Hon. Harold Baer, Jr., District Judge:**

     Plaintiff *pro se* Keisha Jones ("Plaintiff" or "Jones") brings this motion for reconsideration of my September 15, 2006 Opinion granting summary judgment to defendant Commerce Bank, N.A. ("Defendant" or "Commerce") on Plaintiff's remaining claims.

     For the reasons articulated below, Plaintiff's motion for reconsideration is denied.[1]

### I.  BACKGROUND

  A. Factual Background of the Case

     The following facts are taken from prior opinions unless otherwise noted.  See Jones v. Commerce Bancorp Inc., 2006 U.S. Dist. LEXIS 32067 (S.D.N.Y. May 23, 2006) ("Commerce I") (granting Defendant's motion to dismiss several claims); Jones v. Commerce Bank, N.A., 2006 U.S. Dist. LEXIS 65630 (S.D.N.Y. September 15, 2006) ("Commerce II") (granting summary judgment to Defendant on remaining claims).

     Plaintiff *pro se* Keisha Jones held a business checking account with Defendant Commerce Bank.  On May 22, 2005, Plaintiff discovered that $1,860.00 was missing from that account.  Commerce I, 2006 U.S. Dist. LEXIS 32067, at *2-3.  Plaintiff then discovered that the missing funds had been fraudulently withdrawn by unknown persons, that a separate fraudulent account at Commerce had been opened in her name, and that a fraudulent check from her insurance company had been deposited to that fraudulent

---

[1] The Court wishes to thank Joshua Gold of Brooklyn Law School for his assistance in researching and preparing this Opinion.

1

account. Id. On June 9, 2005, after a brief investigation, Commerce credited all of the missing $1,860.00 back to Plaintiff's original account. However, Plaintiff did not learn of this credit until July of 2005. Id.

Plaintiff subsequently brought the instant action in New York State Supreme Court for negligence, breach of fiduciary duty, intentional and negligent infliction of emotional distress, commercial bad faith, consumer fraud, and breach of contract against Defendant Commerce Bank. Commerce II, 2006 U.S. Dist. LEXIS 65630, at *1. Defendant Commerce removed the action to this Court pursuant to 28 U.S.C. § 1441.

On May 23, 2006, I granted Defendant's motion to dismiss Plaintiff's claims of negligent and intentional infliction of emotional distress, commercial bad faith, and consumer fraud, but denied Defendant's motion to dismiss Plaintiff's claims of negligence, breach of fiduciary duty, and breach of contract. See generally Commerce I, 2006 U.S. Dist. LEXIS 32067. At the completion of discovery, Defendant moved for summary judgment on the remainder of Plaintiff's claims. On September 15, 2006, I granted Defendant's motion for summary judgment on all extant claims against Defendant Commerce Bank.[2] Commerce II, 2006 U.S. Dist. LEXIS 65630 at *5-7.

B. Defendant's Motion for Summary Judgment

I granted summary judgment to Defendant Commerce on Plaintiff's claims for negligence, breach of fiduciary duty, and breach of contract because Plaintiff presented no evidence of Commerce's breach of its duty of care. Plaintiff presented no evidence

---

[2] In response to Defendant's motion for summary judgment, Plaintiff also sought leave to amend her complaint to add claims against Commerce of deceptive trade practices and fraud, invasion of privacy, and defamation under New York Law.

In my September 15, 2006 Opinion and Order, I denied Plaintiff leave to amend her complaint against Commerce. Noting that leave to amend may be denied when such amendment "would be futile," I addressed each proposed amendment in turn. Commerce II at *11-12, quoting Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996). I denied Plaintiff's amendment to add claims of deceptive trade practices and fraud. Having already determined that Plaintiff failed to state a claim for "consumer fraud" in her original complaint, I denied Plaintiff's efforts to include it once again in an amended complaint. See Commerce II at *11, citing Commerce I, 2006 U.S. Dist. LEXIS 32067, at *15-16. I denied Plaintiff's amendment to add an invasion of privacy claim because Plaintiff alleged no facts to support such a claim under New York law. See Commerce II at *11. Likewise, I denied Plaintiff's amendment to add a defamation claim against Commerce, as Plaintiff alleged no facts that Commerce had disseminated any false information about her, as New York law requires. See id. at *11-12.

Plaintiff additionally sought to add several parties unrelated to Commerce to her complaint, ranging from an employment agency to a professional tax return preparer. As Plaintiff is acting *pro se*, I granted her leave until October 1, 2006 to amend and add those parties, with the admonition that she was likely to face similar hurdles in any suit against them. Id. at *12-13. Plaintiff filed no amendment.

linking Commerce to the actual incident of identity theft that led to the fraudulent activities. Commerce II, 2006 U.S. Dist. LEXIS 65630 at *3 (noting that the actual cause of Plaintiff's injury was the identity theft perpetrated by unknown individuals). Additionally, Plaintiff presented no evidence of damages. I noted that even if Plaintiff had shown Commerce was negligent in allowing the unauthorized withdrawals, Commerce replaced Plaintiff's missing funds within weeks. Plaintiff had not shown any compensable injury stemming from the short period of time that her funds were unavailable. Id. I thus granted summary judgment on the above-mentioned claims.[3]

   C. Plaintiff's Motion to Reconsider

On September 29, 2006, Plaintiff submitted her instant motion for reconsideration of the grant of summary judgment. Plaintiff's motion for reconsideration raises several issues relating to her original negligence claims.

Plaintiff reiterates that Commerce had a duty to protect her personal and account information, and that Commerce breached that duty to her. Keisha Jones, Affidavit in Support of Plaintiff's Motion for Reconsideration ("Pl. Aff."), September 29, 2006, at 2, citing Daly v. Metropolitan Life Ins. Co., 782 N.Y.S. 2d 530 (N.Y. Sup. Ct. 2004).[4] Plaintiff avers, in essence, that Commerce must have committed a negligent breach of duty because the personal information used to fraudulently obtain a check from Plaintiff's insurance company was only possessed by the Defendant and no other institutions or entities. Pl. Aff. at 5-7.[5] Plaintiff also claims that Commerce's deficient handling of the initial investigation was a breach of their duty. As a result, Plaintiff could not timely address other issues stemming from the identity theft. For example, Plaintiff was delayed

---

[3] I also reiterated that Plaintiff could not bring claims for negligent or intentional infliction of emotional distress. Plaintiff alleged that she suffered extensive emotional harm as a result of the theft of her funds. However, absent "…allegations of conduct… atrocious and utterly intolerable in a civilized community…." a claim for emotional distress cannot succeed. Commerce II at *4, quoting Sheila C. v. Povich, 11 A.D.3d 120, 130 (N.Y. App. Div. 1st Dep't 2004); see also Commerce I, 2006 U.S. Dist. LEXIS 32067, at *13-14. Plaintiff did not allege such egregious conduct here.

[4] In Plaintiff's words, she states, "Consistent with…Daly…, Commerce had a duty to exercise ordinary care in the protection and handling of my account and information…." Affidavit, at 2.

[5] In Plaintiff's words, she states, "the key pieces of information used to create the fraudulent [State Farm Insurance] check(s) could have only come from Commerce, thereby linking Commerce to unauthorized access, theft and/or unlawful disclosure of my confidential information." Pl. Aff. at 5.

3

in returning to the IRS an IRS refund check fraudulently obtained in her name. Id. at 3-6.[6]

Plaintiff additionally reiterates that she suffered damages. Plaintiff states that the conduct of her business was disrupted by the identity theft, causing her to lose significant earning potential. Pl. Aff. at 6.[7] Plaintiff also seeks to introduce new evidence as proof of her damages. Plaintiff offers documents proving the extent of her lost income which were not available to resist the motion for summary judgment. Id. at 6-7. Plaintiff also attaches invoices as proof of psychological counseling she received as a result of the identity theft. Id.

Plaintiff also alleges that Defendant engaged in non-responsive and dilatory discovery tactics, and thus she has been unable to attain access to all the information and documents due to her. Pl. Aff. at 3.[8]

## II.     STANDARD OF REVIEW

Plaintiff *pro se* styles her motion as a "motion for reconsideration" under Fed. R. Civ. P. 60(b), which provides for relief from a judgment or order for "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc."[9] See Fed. R. Civ. P. 60(b). The standard of review for a determination under Rule 60(b) is abuse of discretion. United States v. Bank of New York, 14 F.3d, 759 (2d Cir. 1994). "Relief under this Rule is 'generally granted only upon a showing of exceptional circumstances."

---

[6] In Plaintiff's words, she states, "…I was upset that my identity was stolen, but I knew what to do. The Federal Trade Commission provides guidance for identity theft victims and there are remedies… However, it took me more than 8 months to focus on [the fraudulent tax refund issue] because of the incidents [regarding the investigation] at Commerce." Pl. Aff. at 5.

[7] In Plaintiff's words, she "could not resume [her] normal business activities after the theft [of her identity]." Pl. Aff. at 3. Moreover, "had the incidents [of identity theft] not occurred…My time would have been spent generating the level of income I am capable of earning." Pl. Aff. at 6.

[8] In Plaintiff's words, she states, "Discovery remains incomplete as a direct result of Commerce's flagrant violations of the process." Pl. Aff. at 3.

Plaintiff also alleges that Defendant's failure to keep adequate records, or alteration of its existing records, evidences Defendant's intent and ability to suppress and manipulate customer account information to its favor. Pl. Aff. at 4. In Plaintiff's words, she alleges, "Commerce did not produce any statements for July 2005 or August 2005 which demonstrates its ability to manipulate customer accounts by suppressing, altering and/or deleting account information and statements." Id.

[9] Plaintiff submitted her motion "pursuant to Fed. R. Civ. P. 60." Presumably, Plaintiff intended her motion to be pursuant to Rule 60(b), rather than Rule 60(a), which deals with clerical errors.

Kearsey v. Williams, 2004 U.S. Dist. LEXIS 18727, at *6 (S.D.N.Y. 2004) (citations omitted).

Plaintiff's motion might concurrently be considered a motion for reconsideration under Local Civil Rule 6.3. This, it would seem, is the more appropriate motion, and I will proceed on the assumption that this was the intention of the *pro se* Plaintiff. To succeed on a motion for reconsideration, a party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Davis v. The Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999). A court will not generally reconsider issues properly disposed of previously. Id. at 324.

Further, a *pro se* litigant is entitled to have her submissions to the court construed liberally. See Kearsey v. Williams, 2004 U.S. Dist. LEXIS 18727, at *3 (S.D.N.Y. 2004) ("this Court holds papers submitted by [*pro se* Plaintiff] to a less stringent standard than those drafted by attorneys"), citing Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 762 (2d Cir. 1990). This liberality extends to the Court's interpretation and application of procedural requirements. See Stewart v. U.S. Postal Service, 649 F.Supp. 1531, 1535 (S.D.N.Y. 1986), quoting Mount v. Book-of-the-Month Club, Inc., 555 F.2d 1108, 1112 (2d Cir.1977) ("A layman representing himself ... is entitled to a certain liberality with respect to procedural requirements."). Indeed, "the requisite showing [for granting a Rule 60(b) motion] seems less stringent for *pro se* litigants." Kearsey v. Williams, 2004 U.S. Dist. LEXIS 18727, at *6.

I will accordingly consider and address the merits of Plaintiff's arguments, to the extent they merit reconsideration of my previous opinion.

### III.   DISCUSSION

A. Reconsideration of Negligence Claim

Plaintiff reasserts that Commerce had a duty to protect her personal and account information, and was negligent in performing that duty. Pl. Aff. at 2, citing Daly v. Metropolitan Life Ins. Co., 4 Misc. 3d 887, 782 N.Y.S.2d 530 (N.Y. Sup. Ct. 2004). On Defendant's motion for summary judgment, I acknowledged that Commerce may have owed Plaintiff a duty. See Commerce II, 2006 U.S. Dist. LEXIS 65630, at *6 ("failure to safeguard a client's personal identifying information may give rise to a claim for breach of fiduciary duty."), citing Daly v. Metropolitan Life Ins. Co., 782 N.Y.S.2d 530, 535.

5

However, even assuming *arguendo* that Commerce owed Plaintiff a duty, Plaintiff must show evidence of causation – i.e., that Commerce's breach of that duty proximately caused Plaintiff's injuries.  See Commerce II at *6, *9 ("[P]laintiff has adduced no evidence linking Commerce to the theft of her personal information…."; plaintiff presented "no evidence that Commerce proximately caused any compensable injury to her…").  "It was the theft of Plaintiff's identity by unidentified individuals, in an unknown manner, that caused Plaintiff's injuries, not four unauthorized withdrawals that were soon rectified." Id. at *7.  I granted summary judgment to Defendant because Plaintiff could not, on the evidence presented, establish the element of causation.

On reconsideration, construing her arguments liberally, Plaintiff essentially attempts to compensate for her lack of evidence of causation by arguing *res ipsa loquitor*. "Where the actual or specific cause of an accident is unknown, under the doctrine of *res ipsa loquitur* a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it."  Kambat v. St. Francis Hosp., 678 N.E.2d 456, 458 (N.Y. 1997).  Three conditions must be met to establish a prima facie case of *res ipsa loquitor*.  "First, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence."  Kambat at 458.  "[S]econd, it must be caused by an agency or instrumentality within the exclusive control of the defendant." Id. "[T]hird, it must not have been due to any voluntary action or contribution on the part of the plaintiff."  Id.

Plaintiff avers, in essence, that Commerce must have committed a negligent breach of duty because the combination of personal information used to fraudulently attain a check from Plaintiff's insurance company was only possessed by Commerce, and no other institutions or entities.  However, it cannot be said that the identity theft here is an event that "ordinarily does not occur in the absence of someone's negligence," just as it cannot be generally said that criminal activity requires some prior negligence to succeed. The thieves might well have stolen Plaintiff's information without any negligence on the part of Commerce.  Additionally, it does not appear that the information that allegedly establishes *res ipsa loquitor* was in the exclusive control of

Commerce.[10]  In short, the facts of this case do not establish a viable argument for *res ipsa loquitor* sufficient to overcome the lack of evidence of causation on the part of Commerce.

Plaintiff further reasserts that Commerce separately breached its duty to her by its inadequate investigation of her identity theft and negligent keeping or manipulation of her account records.  Pl. Aff. at 4-6.  Again, however, Plaintiff does not provide evidence that any alleged breach proximately caused her injuries.  Commerce II, 2006 U.S. Dist. LEXIS 65630 at *7 ("Commerce's connection to [Plaintiff's injuries] is wholly speculative.")  Plaintiff argument here does not warrant reconsideration of my summary judgment opinion.

Lastly, Plaintiff brings new evidence of her damages.  Pl. Aff. at 6.  In granting summary judgment, this Court noted that Plaintiff claimed that for a period, "she ultimately became unable to run her business…."  Commerce II, 2006 U.S. Dist. LEXIS 65630, at *7.  Plaintiff thus submits new evidence of her lost income from the disruption of her business, as well as her subsequent psychological counseling.[11]  However, without additional proof of causation on the part of Commerce, Plaintiff's alleged resultant damages are irrelevant.

In short, Plaintiff has not provided grounds that warrant reconsideration of my grant of summary judgment to Commerce.

B.  Discovery Issues

Additionally, Plaintiff realleges that Defendant engaged in non-responsive and dilatory discovery tactics, and was thus denied all the information and documents properly due to her.

Specifically, Plaintiff alleges that Commerce did not timely answer interrogatories and produce requested documents for a July 20, 2006 scheduled deposition, but rather delivered these items "mere hours" beforehand.  Pl. Aff. at 3.  Plaintiff claims that Commerce's actions prevented her from taking an effective deposition, and, due to time

---

[10] This combination of information appears merely to be Plaintiff's name and address combined with the zip code of her business address.  Plaintiff bases her claim that the theft of this information was from Commerce on an examination of the information used by the perpetrators to obtain a fraudulent insurance check in her name.  Pl. Aff. at 4-5.

[11] Additionally, Plaintiff's damages in the form of psychological counseling are not recoverable here, as I dismissed Plaintiff's emotional distress claims.  See Commerce II at *8-9.

7

and monetary constraints, she was never able to take another deposition.  Id.  The result, according to Plaintiff, is that, "[d]iscovery remains incomplete."  Id.

Plaintiff's allegations have already been addressed and disposed of by Magistrate Judge Frank Maas.[12]  Construed liberally, Plaintiff's allegations might amount to a motion for reconsideration of Magistrate Maas' discovery orders pursuant to Fed. R. Civ. P. 72(a).  However, particularly since Plaintiff failed, until now, to raise any objections, Plaintiff would carry a heavy burden to succeed on such a motion.[13]  "[I]n resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused.'"  Grossman v. Schwartz, 1990 U.S. Dist. LEXIS 12877, at *3 (S.D.N.Y. 1990).  "Such broad discretion is especially appropriate where the Magistrate has made numerous discovery rulings over a substantial period of time, attempting to balance each

---

[12] On July 19, 2006, Plaintiff wrote complaining of Commerce's failure to produce discovery materials and sought to compel Commerce to produce "knowledgeable" individuals for deposition, as well as Rule 11 sanctions.  Judge Maas considered Plaintiff's complaints and denied all relief requested by her with the exception that Commerce was ordered to produce any previously requested documents on which objections had already been heard.  Endorsed Letter of Keisha Jones, July 19, 2006.  After a scheduled telephone conference on July 21, 2006, in which Plaintiff voluntarily did not participate, Judge Maas issued an order once again compelling Commerce to turn over all extant previously requested documents and denied all other relief sought by Plaintiff.  Order of Magistrate Judge Frank Maas, July 21, 2006.  Judge Maas also granted Plaintiff the opportunity to take further depositions on July 31, 2006. Id.  (In her letter to Judge Maas dated July 31, 2006, Plaintiff indicated that her failure to call in for the July 21st conference was due to stormy weather blocking her cellular phone service.  Endorsed Letter of Keisha Jones, July 31, 2006.  Notably, however, in her present motion, Plaintiff states that she faxed a letter to Chambers on July 21st, indicating that she had access to at least one reliable method of telecommunication on that day.  Pl. Aff. at 3.)

On July 31, 2006, as noted, Plaintiff again wrote Judge Maas alleging that Commerce was not furnishing discovery materials, that Commerce was refusing to produce knowledgeable persons for discovery, and that Commerce was perpetrating a "cover-up" with respect to her case.  Endorsed Letter of Keisha Jones, July 31, 2006.  On August 2, 2006, Judge Maas endorsed Plaintiff's letter stating that he had ruled on Plaintiff's discovery requests and that Commerce had complied with his orders.  Id.  He also noted that he had previously informed Plaintiff that depositions could be tape recorded, sparing her the expense of a court reporter.  Id. Finally, Judge Maas indicated that his law clerk had attempted to set up another telephone conference with the parties but Plaintiff was not available for several weeks, well past the time allowed for discovery.  Id.

On August 3, Plaintiff sent a letter directly to my chambers raising concerns about a confidentiality order issued by Judge Maas and alleging the same behavior on the part of Commerce.  Endorsed Letter of Keisha Jones, August 3, 2006.  In endorsing the letter, I stated that Plaintiff should bring her concerns to Judge Maas.  Id.  It does not appear that Plaintiff did so.

[13] Additionally, under Fed. R. Civ. P. 72(a), a party has 10 days to object to a magistrate's ruling, and "a party may not assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P. 72(a).  Plaintiff, proceeding *pro se*, is entitled to a liberal application of procedural rules.  However, consideration of the merits of Plaintiff's challenge, notwithstanding the 10 day deadline, does not change this Court's analysis.

party's need for the information sought against the burden on the other party in producing it." Id. at *3-4.

Judge Maas previously considered and ruled upon all the discovery issues Plaintiff raises. Plaintiff brings nothing new today that supports overturning Judge Maas's determinations, nor that warrants reconsideration of my grant of summary judgment.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider this Court's grant of summary judgment is DENIED.

The Clerk of the Court is directed to close this matter and remove this case from my docket.

SO ORDERED.
~~February~~ March 6, 2007
New York, New York

_____
U.S.D.J.

9